**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, STATE OF FLORIDA
CIVIL DIVISION**

**ELVAN MOORE,**

**Plaintiff,** **CASE NO.:** 12-CA-5339-11-K

FILED IN OFFICE
MARYANNE MORSE
CLERK CIRCUIT COURT
12 OCT 19 PM 2:51
SEMINOLE CO. FLA
BY D.C.

**v.**

**SEMINOLE COUNTY, FLORIDA;
SHERIFF DONALD F. ESLINGER
As Sheriff of Seminole County, Florida Sheriff's Office;
And DEPUTY KEVIN PEDERSON, in his official and
Individual capacity**

**Defendants.**

______________________________________/

**COMPLAINT**
**INTRODUCTION**

1. This is an action for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00), exclusive of interest, attorney's fees and costs and comes within the jurisdiction of this court.

2. The events giving rise to this complaint occurred or originated in Seminole, County Florida.

3. This is an action for money damages for the injuries suffered by Plaintiff Elvan Moore as a result of negligent conduct, violations of civil and constitutional rights.

4. Throughout Mr. Moore's investigation and prosecution, Sheriff Donald F. Eslinger and Deputy Pederson showed deliberate indifference towards Mr. Moore's civil and constitutional rights by claiming that the Plaintiff was causing a

disturbance and subsequently resisted Deputy Pederson's allegedly lawful commands.

5. That the Defendant was unlawfully arrested without any probable cause as to a crime being committed.

6. That Mr. Moore was arrested on November 15, 2008 and charged with the offense of Resisting an Officer Without Violence.

7. That Mr. Moore, retained legal representation in the amount of $3,000.00.

8. Mr. Moore, by and through his legal counsel (Mr. Carlus Haynes), filed a Motion to Dismiss (challenging the shear lack of evidence that Mr. Moore had committed a crime). ***See Exhibit A.***

9. That prior to a hearing on the Motion, the State of Florida filed a Nolle Prosequi to all charges on December 12, 2008. ***See Exhibit B.***

10. That on or about December 17, 2008, the Department of Financial Services as well as the Seminole County Sheriff's Office was placed on notice, pursuant to ***Fla. Stat. § 786.28(6)(a)*** of Mr. Moore's intent to sue for damages related to his unlawful arrest. ***See Exhibit C.***

11. That the Defendants have not denied liability and while Defendants have made several offers, said offers have not been sufficient to make the Plaintiff whole.

**<u>PARTIES</u>**

12. Plaintiff, ELVAN MOORE, was at all relevant times a resident of Seminole County, Florida.

13. Defendant SEMINOLE COUNTY, FLORIDA was at all relevant times a charter county within the State of Florida and is the employer of Sheriff Donald F.

Eslinger as Sheriff of the Seminole County Sheriff's Office and Deputy Kevin Pederson.

14. Defendant SHERIFF DONALD F. ESLINGER, was at all relevant times the Sheriff of the Seminole County Sheriff's Office in Seminole County, Florida.

15. Defendant KEVIN PEDERSON, at all relevant and material times was a deputy with the Seminole County Sheriff's Office in Seminole County, Florida.

16. Defendant KEVIN PEDERSON is being sued in his individual capacity as a law enforcement officer for Seminole County, Florida.

17. Defendant KEVIN PEDERSON is also being sued in his official capacity as a law enforcement officer for Seminole County, Florida.

18. Unless otherwise stated, all acts of the Defendants alleged herein were within the course and scope of their authority and the course of their employment.

**FACTS REGARDING THE UNLAWFUL ARREST**

19. On November 15, 2008, Mr. Elvan Moore was arrested and cited for the offenses of: Resisting Officer Without Violence based upon his alleged refusal to give basic or biographical information for deputy to complete a report although no specific names were provided by the anonymous tipster.

20. The arresting Seminole County Sheriff Deputy Kevin Pederson, alleges that he approached an apartment that was pointed out by an anonymous caller for a disturbance call that indicated two individuals were involved in an argument in the parking lot of the complex and that one of the people left in a white vehicle.

21. That as he approached the apartment, he could hear loud music coming from inside the apartment and what appeared to be a man and a woman having an argument.

22. The deputy alleges that he had to knock several times and eventually banged on the door with his fist before anyone answered the door.

23. That the Plaintiff, Elvan Moore, answered the door wearing a towel and Deputy Pederson alleges he could further see a black woman who was clothed and a white woman who was naked.

24. Deputy Pederson then alleges that he explained that he was conducting an investigation into a disturbance that occurred earlier in the parking lot and asked if the Plaintiff was involved in the disturbance.

25. The Deputy alleges in his report that the Plaintiff stated that he did not know about the disturbance and did not know about the call.

26. The Deputy alleges in his report that he asked the Plaintiff his name and that the Plaintiff refused to comply and in addition, stated that Deputy Pederson would have to call his attorney.

27. That the Deputy alleges he tried to obtain the Plaintiff's name again and explained that he was not asking for any statements but was just conducting an investigation and made that statement two more times.

28. That at that point Deputy Pederson alleges that he had reason to believe that the Plaintiff had been a part of the original disturbance or that he was "possibly guilty" of a noise violation and placed the Plaintiff under arrest and walked him to his patrol vehicle.

29. That the Deputy's report states that after being place in handcuffs, the Plaintiff told him that he knew about the disturbance and that it was his sister, the black female inside the apartment, and her friend, who left the apartment in the white vehicle.

30. Deputy Pederson then state's in his report that he spoke with the Plaintiff's sister, Amalija McGuire, and the other female inside the apartment, Donna Delaney. The deputy further states that both women confirmed that Amalija had a disturbance with her friend, outside in the parking lot, and that the friend left the apartment complex in a white car.

31. Deputy Pederson then states that the Plaintiff, Mr. Elvan Moore, was then transported to the Seminole County Jail for booking because of his lies and refusal to give basic information. ***See Exhibit D.***

32. That as the Plaintiff was being arrested, the towel he was wearing fell off leaving him naked. The Plaintiff requested he be allowed to clothe himself, however, Deputy Pederson refused and instead transported the Plaintiff to the Seminole County Jail and booked him while the Plaintiff was still completely naked.

33. The Plaintiff was obviously embarrassed and humiliated by the actions of Deputy Pederson.

**CAUSES OF ACTION**

**FEDERAL CONSTITUTIONAL CLAIMS**

**COUNT I: 42 U.S.C. § 1983**
**INVASION OF PRIVACY IN VIOLATION OF FOURTH AND FOURTEENTH AMENDEMENTS**
All Defendants

34. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

35. Plaintiff has a clearly established constitutional right to be free from an invasion of privacy under the Fourth and Fourteenth Amendment to the United States Constitution.

36. Defendants, acting under color of law, intentionally intruded upon Plaintiff's solitude, seclusion or private affairs and concerns. Defendants' intrusion would be highly offensive to a reasonable person and was unwarranted and unjustified.

37. Defendant through its employees and agents acting in the course and scope of their duties as police officers arrested the Plaintiff without probable cause.

38. As a result of the actions of Defendant through its employees and agents acting in the course and scope of their duties, the Plaintiff has suffered damages, including emotional anguish and suffering, physical pain and suffering, physical discomfort and medical expenses, all which continue to this day and are likely to continue into the future.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants Officer Kevin Pederson, Sheriff Donald F. Eslinger as Sheriff of the Seminole County,

Florida Sheriff's Office, and Seminole County, Florida, costs of this action, and such other and further relief as the Court deems appropriate.

**COUNT II: 42 U.S.C. § 1983**
**MALICIOUS PROSECUTION IN VIOLATION**
**OF THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS**

Defendants Seminole County, Florida; Sheriff Donald F. Eslinger as Sheriff of the Seminole County, Florida Sheriff's Office by and through Deputy Kevin Pederson

33. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

34. That on or about November 15, 2008, the Defendant, KEVIN PEDERSON, acting in his official capacity as officer, employee and servant of the Defendant, DONALD F. ESLINGER, Sheriff of the Seminole County, Florida Sheriff's Office, and by virtue of his office, did, wrongfully and unlawfully, and without any order, warrant or process of any Court authorizing him to do so, did cause the plaintiff, ELVAN MOORE, to be wrongfully and forcibly arrested, imprisoned and restrained of his liberty in the Seminole County Jail.

35. That the criminal proceeding against the Plaintiff, ELVAN MOORE, was dropped after the State Attorney's Office filed a Nolle Prosequi on December 12, 2008. This dismissal was a bona fide termination in favor of the Plaintiff.

36. That the Defendants were the legal cause of the criminal proceeding against the Plaintiff.

37. That there was an absence of probable cause for the initiation of criminal charges against the Plaintiff.

38. That the Defendants acted with malice when they caused the information to be filed.

39. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, ELVAN MOORE, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment, expenses incurred as a result of unlawful detainment, and losses to business reputation.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT III: 42 U.S.C. § 1983**
**POLICY, PRACTICE OR PROCEDURE**
Defendants Seminole County, Florida; Sheriff Donald F. Eslinger as Sheriff of the Seminole County, Florida Sheriff's Office

40. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

41. SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER has a policy, practice and/or custom which:

a. Permits, encourages, and praises the unlawful arrest of private citizens without sufficient probable cause; and

b. Fails to adequately train and/or supervise City of Orlando employees to prevent (a) the unlawful arrest of private citizens without probable cause.

42. These policies, practices, or customs of Defendants SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER caused a violation of the Plaintiff's constitutional rights under the Fourth Amendment to be free from

unreasonable searches and seizures and under the Fifth Amendment not to be subjected to criminal charges on false or deliberately fabricated evidence.

43. These policies, practices and customs were implemented and controlled by Defendants SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER.

44. Defendants SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER were deliberately indifferent to the fact that this policy would deprive the Plaintiff of his Fourth Amendment to be free from unreasonable searches and seizures and his Fifth Amendment right not to be subject to criminal charges based upon false or fabricated evidence.

45. Defendants SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER not only failed to adequately punish the Seminole County Sheriff's Office employees responsible for unlawful arrests or charges; but Defendants also encouraged it.

46. These policies, practices or customs were the moving force behind the violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures and Plaintiffs' Fifth Amendment right not to be subject to criminal charges based upon false or fabricated evidence.

47. Defendants knew or should have known that their policies/customs would be applied/misapplied and cause Plaintiff to suffer damages.

48. Plaintiff suffered damages as a result of the Defendants' conduct including emotional anguish and suffering, physical pain and suffering, physical discomfort

and medical expenses, all which continue to this day and are likely to continue into the future.

49. Plaintiff has performed all conditions precedents to be performed or the conditions have occurred.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, costs of this action, and such other and further relief as the Court deems appropriate.

**COUNT IV: 42 U.S.C. § 1983**
**FAILURE TO TRAIN AND/OR SUPERVISE**
Defendants Seminole County Florida; Sheriff Donald F. Eslinger as Sheriff of the Seminole County, Florida Sheriff's Office

50. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

51. Defendants SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER failed to adequately train and/or supervise the Defendants' employees in what is required to establish probable cause to arrest and how to arrest without causing embarrassment and humiliation.

52. The need for such supervision and training was plainly obvious or should have been plainly obvious to the SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER policymakers.

53. This failure to supervise and train was an official policy, practice, and procedure of SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER.

54. The failure to supervise and train caused the Defendants to repeatedly violate the Plaintiff's rights under the Fourth Amendment to be free from unreasonable

searches and seizures and Plaintiffs' Fifth Amendment right not to be subject to criminal charges based upon false or fabricated evidence.

55. The Defendants were deliberately indifferent to the need for supervision and training.

56. The Defendants knew, or should have known, that their failure to supervise and train reflected deliberate indifference.

57. The Plaintiff suffered damages as a result of the Defendants' conduct including emotional anguish and suffering, physical pain and suffering, physical discomfort and medical expenses, all which continue to this day and are likely to continue into the future.

58. Plaintiff has performed all conditions precedents to be performed or the conditions have occurred.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, costs of this action, and such other and further relief as the Court deems appropriate.

**STATE LAW CLAIMS**

**COUNT V: - FALSE ARREST**

Defendants Seminole County Florida; Sheriff Donald F. Eslinger as Sheriff of the Seminole County, Florida Sheriff's Office by and through Deputy Kevin Pederson

59. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

60. That on or about November 15, 2008, the Defendants, KEVIN PEDERSON, acting in his official capacity as officer, employee and servant of the Defendant, DONALD F. ESLINGER, Sheriff of the Seminole County, Florida Sheriff's Office, did cause the Plaintiff, KEVIN PEDERSON, to be wrongfully arrested.

61. That on said date, the Defendant, KEVIN PEDERSON, acting in his official capacity as officer, employee and servant of the Defendant, DONALD F. ESLINGER, Sheriff of the Seminole County, Florida Sheriff's Office, wrongfully and unlawfully, and without any order, warrant or process of any Court authorizing him to do so, did cause the plaintiff, ELVAN MOORE, to be wrongfully and forcibly arrested.

62. That the Defendant, KEVIN PEDERSON, acting in his official capacity as officer, employee and servant of the Defendant, DONALD F. ESLINGER, Sheriff of the Seminole County, Florida Sheriff's Office, abused the power of his office, and his conduct with respect to the Plaintiff, ELVAN MOORE, was committed in bad faith, and with willful disregard of the human rights, safety and property of the Plaintiff; in that KEVIN PEDERSON arrested ELVAN MOORE without probable cause.

63. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, ELVAN MOORE, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment opportunity, expenses incurred as a result of unlawful detainment, and losses to business reputation.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT VI: - FALSE ARREST**
Defendant Kevin Pederson in his Individual Capacity

64. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

65. That on or about November 15, 2008, the Defendant, KEVIN PEDERSON, acting in his individual capacity, did cause the Plaintiff, ELVAN MOORE, to be wrongfully arrested.

66. That on said date, the Defendant, KEVIN PEDERSON, acting in his individual capacity, wrongfully and unlawfully, and without any order, warrant or process of any Court authorizing him to do so, did cause the plaintiff, ELVAN MOORE, to be wrongfully and forcibly arrested.

67. That the Defendant, KEVIN PEDERSON, acting in his individual capacity, abused the power of his office, and his conduct with respect to the Plaintiff, ELVAN MOORE, was committed in bad faith, and with willful disregard of the human rights, safety and property of the Plaintiff.

68. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, ELVAN MOORE, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment, expenses incurred as a result of unlawful detainment, and losses to business reputation.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT VII**
**FALSE IMPRISONMENT**

Defendants Seminole County, Florida; Sheriff Donald F. Eslinger as Sheriff of the Seminole County, Florida Sheriff's Office by and through Deputy Kevin Pederson

69. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

70. That on or about November 15, 2008, the Defendant, KEVIN PEDERSON, acting in his official capacity as officer, employee and servant of the Defendant, DONALD F. ESLINGER, Sheriff of the Seminole County, Florida Sheriff's Office, and by virtue of his office, did, wrongfully and unlawfully, and without any order, warrant or process of any Court authorizing him to do so, did cause the plaintiff, ELVAN MOORE, to be wrongfully and forcibly seized, which lead to Mr. Moore being imprisoned and restrained of his liberty in the Seminole County Jail.

71. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, ELVAN MOORE, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment opportunity, expenses incurred as a result of unlawful detainment, and losses to business reputation.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT VIII: - FALSE IMPRISONMENT**
Defendant Kevin Pederson in his Individual Capacity

72. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.
73. That on or about November 15, 2008, the Defendant, KEVIN PEDERSON, acting in his individual capacity, and by virtue of his office, did, wrongfully and unlawfully, and without any order, warrant or process of any Court authorizing him to do so, did cause the plaintiff, ELVAN MOORE, to be wrongfully and forcibly seized, which lead to Mr. Moore being imprisoned and restrained of his liberty in the Seminole County Jail.
74. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, ELVAN MOORE, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment opportunity, expenses incurred as a result of unlawful detainment, and losses to business reputation.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT IX: - MALICIOUS PROSECUTION**

Defendants Seminole County, Florida; Sheriff Donald F. Eslinger as Sheriff of the Seminole County, Florida Sheriff's Office by and through Deputy Kevin Pederson

75. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

76. That on or about November 15, 2008, the Defendants, KEVIN PEDERSON, acting in their official capacities as officers, employees and servants of the Defendant, DONALD F. ESLINGER, Sheriff of the Seminole County, Florida Sheriff's Office, did, wrongfully and unlawfully, and without any order, warrant or process of any Court authorizing him to do so, did cause the plaintiff, ELVAN MOORE, to be wrongfully and forcibly arrested, imprisoned and restrained of his liberty in the Seminole County Jail.

77. That the criminal proceeding against the Plaintiff, ELVAN MOORE, was dropped after the State Attorney's Office filed a nolle prosequi on December 12, 2008. This nolle prosequi was a bona fide termination in favor of the Plaintiff.

78. That the Defendants were the legal cause of the criminal proceeding against the Plaintiff.

79. That there was an absence of probable cause for the initiation of criminal charges against the Plaintiff.

80. That the Defendants acted with malice when they caused the indictment to be returned by falsely, recklessly, and maliciously misrepresenting the facts concerning the arrest and arresting the Plaintiff without probable cause.

81. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, ELVAN MOORE, suffered and will continue to suffer in the future,

physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment opportunity, expenses incurred as a result of unlawful detainment, and losses to business reputation.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT X: - MALICIOUS PROSECUTION**

Defendant Kevin Pederson in his Individual Capacity

82. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

83. That on or about November 15, 2008, the Defendant, KEVIN PEDERSON, acting in their individual capacity, and by virtue of his office, did, wrongfully and unlawfully and without any order, warrant or process of any Court authorizing him to do so, did cause the plaintiff, ELVAN MOORE, to be wrongfully and forcibly arrested, imprisoned and restrained of his liberty in the Orange County Jail.

84. That the criminal proceeding against the Plaintiff, ELVAN MOORE, was nolle prossed on or about December 12, 2008. This nolle prosequi was a bona fide termination in favor of the Plaintiff.

85. That the Defendant was the legal cause of the criminal proceeding against the Plaintiff.

86. That there was an absence of probable cause for the arrest of the Plaintiff.

87. That the Defendant acted with malice when he caused the indictment to be returned by falsely, recklessly, and maliciously misrepresenting the facts concerning the arrest and arresting the Plaintiff without probable cause.

88. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, ELVAN MOORE, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment opportunity, expenses incurred as a result of unlawful detainment, and losses to business reputation.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT XI:**
**INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS**
All Defendants

89. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

90. Defendants' conduct was intentional or reckless in that they intended their actions when they knew or should have known that their actions would likely cause the Plaintiff severe emotional distress.

91. The Defendants' conduct of arresting and transporting an individual while completely naked, refusing to allow them to clothe themselves prior to arrest and booking, making misleading statements and omissions, conducting unlawful seizures and arrests, encouraging such actions, and failing to train and supervise

the manner in which to conduct proper and arrests; was outrageous, beyond all bounds of decency, atrocious and utterly intolerable in a civilized community.

92. The Defendants' conduct caused emotional distress to the Plaintiff.

93. The Plaintiff's emotional distress was severe.

94. Plaintiff has performed all conditions precedents to be performed or the conditions have occurred.

**WHEREFORE,** Plaintiff demands judgment for damages against defendants, cost of this action, and such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable

Dated this 19th day of October, 2012

**BRADLEY N. LAURENT, ESQUIRE**
Florida Bar Number: 0010530
Law Office of Haynes and Laurent, P.A.
5401 South Kirkman Road, Suite 620
Orlando, FL 32803
Tele: (407) 246-0077
Fax: (407) 246-0078
bnl@fighting4ulaw.com
Attorney for PLAINTIFF