UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELVAN MOORE,

                                                             CASE NO: 6:13-cv-00224-GAP-GJK

     Plaintiff,

vs.

SEMINOLE COUNTY, FLORIDA, SHERIFF
DONALD F. ESLINGER, as Sheriff of
Seminole County, Florida Sheriff's Office;
And DEPUTY KEVIN PEDERSON, in his
Official and individual capacity,

     Defendants.
_____/

**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE FOR CLAIMS AGAINST SEMINOLE COUNTY, FLORIDA**

COMES NOW the Plaintiff, by and through its undersigned attorneys, and pursuant to Rule 4l (a)l(A), Fed.R.Civ.P., hereby gives notice that it is voluntarily dismissing this case without prejudice, and says:

1. Plaintiff filed several claims both federal and state law claims against Seminole County Florida.

2. Plaintiff is voluntarily dismissing Counts I, II, III, IV, V, VII, IX, and XI against only Seminole County Florida.

3. Plaintiff's action to voluntarily dismiss this case comes before Defendant has filed an answer or motion for summary judgment.

4. Defendant will not suffer any prejudice as a result of a voluntary dismissal of this action under Rule 4l(a)(l(A).

**MEMORANDUM OF LAW**

Page **1** of **4**

Dismissal of this action is sought under Rule 4l(a)(l)A), Fed.R.Civ.P.:

(a) **Voluntary Dismissal.**

> **(1)** *By the Plaintiff.*
>
> **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> > **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment...

Plaintiff is permitted to dismiss this cause of action as of right because the dismissal is filed before the Defendant has filed an answer or motion for summary judgment. Furthermore, Plaintiffs right to seek this dismissal without prejudice is absolute and cannot be conditioned on payment of costs or other restrictions.

> Rule 4l(a)(l) permits a party to dismiss his or her action by notice where no answer or motion for summary judgment has been filed. This Court stated recently that Rule 41(a)(l) 'means precisely what it says.' Pilot Freight Carriers. Inc. v. International Brotherhood of Teamsters, 5 Cir. 1975, 506 F.2d 914. In that case, we held that a plaintiff is entitled as a matter of right to dismiss its complaint where no responsive pleading has been filed even though a hearing on a motion for injunctive relief had been held.
>
> The court had no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right.

Williams v. Ezell, 531 F.2d 1261, 1263-64 (5th Cir. 1976); *See, also,* Commercial Space Management Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) ("It is well settled that under Rule 4l(a)(l)(i), "a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment."); Bailey v. Shell Western E&P. Inc., 609 F.3d 710, 719 (5th Cir. 2010) ("Dismissal under Rule 4l(a)(l) is "a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.").

This Court need not enter an Order on this dismissal as the Notice itself is sufficient to terminate this case:

> Ordinarily, a Rule 41(a)(l) voluntary dismissal is effective immediately and requires no action by the district court. See Matthews, 902 F.2d at 880; see also Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) (holding that voluntary dismissal" 'render[s] the proceedings a nullity and leave[s] the parties as if the action had never been brought' ") (internal quotation marks omitted).

University of South Alabama v. American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999); *See, also,* Commercial Space Management Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) ("Th[e] [filing of notice] itself closes the file... Because the dismissal is effective on filing and no court order is required".).

Defendant's Motion to Dismiss becomes moot upon the filing of this Notice of Dismissal.:

> Voluntary dismissal, moreover, normally may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the district court to exercise its jurisdiction. See Nix v. Fulton Lodge No. 2 of the Int'l Ass'n of Machinists, 452 F.2d 794, 797-98 (5th Cir. 1971) (holding that district court could properly consider Rule 41(a)(l) notice of dismissal as to one defendant before addressing motion to dismiss (or lack of subject matter jurisdiction).

University of South Alabama v. American Tobacco Co., 168 F.3d at 409; See, *also*, Careplus Health Plans, Inc. v. Crespo, 2006 WL 3469524, I (M.D.Fla. 2006) (Same).

*Respectfully submitted,*

  /s/ Bradley N. Laurent
**BRADLEY N. LAURENT, ESQUIRE**
Florida Bar Number: 0010530

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the opposing parties.

**Law Office of Haynes and Laurent, P.A.**

__/s/ Bradley N. Laurent_____
**BRADLEY N. LAURENT, ESQUIRE**
Florida Bar Number: 0010530
5401 S. Kirkman Road, Suite 620
Orlando, FL  32819
Telephone:  (407) 246-0077
Facsimile:  (407) 246-0078
BradLaurent@fighting4ulaw.com
Attorney for PLAINTIFF