UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELVAN MOORE,
       Plaintiff,                      CASE NO.: 6:13-cv-224-Orl-31GJK

v.

SEMINOLE COUNTY, FLORIDA; SHERIFF DONALD F. ESLINGER
As Sheriff of Seminole County, Florida Sheriff's Office;
And DEPUTY KEVIN PEDERSON, in his official and
Individual capacity,
       Defendants.
_____/

## AMENDED COMPLAINT
## INTRODUCTION

1. This is an action for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00), exclusive of interest, attorney's fees and costs and comes within the jurisdiction of this court.

2. The events giving rise to this complaint occurred or originated in Seminole, County Florida.

3. This is an action for money damages for the injuries suffered by Plaintiff Elvan Moore as a result of negligent conduct, violations of civil and constitutional rights.

4. Throughout Mr. Moore's investigation and prosecution, Sheriff Donald F. Eslinger and Deputy Pederson showed deliberate indifference towards Mr. Moore's civil and constitutional rights by claiming that the Plaintiff was causing a

1

disturbance and subsequently resisted Deputy Pederson's allegedly lawful commands.

5. That the Defendant was unlawfully arrested without any probable cause as to a crime being committed.

6. That Mr. Moore was arrested on November 15, 2008 and charged with the offense of Resisting an Officer Without Violence.

7. That Mr. Moore, retained legal representation in the amount of $3,000.00.

8. Mr. Moore, by and through his legal counsel (Mr. Carlus Haynes), filed a Motion to Dismiss (challenging the shear lack of evidence that Mr. Moore had committed a crime).  *See Exhibit A.*

9. That prior to a hearing on the Motion, the State of Florida filed a Nolle Prosequi to all charges on December 12, 2008.  *See Exhibit B.*

10. That on or about December 17, 2008, the Department of Financial Services as well as the Seminole County Sheriff's Office was placed on notice, pursuant to *Fla. Stat. § 786.28(6)(a)* of Mr. Moore's intent to sue for damages related to his unlawful arrest.  *See Exhibit C.*

11. That the Defendants have not denied liability and while Defendants have made several offers, said offers have not been sufficient to make the Plaintiff whole.

## **PARTIES**

12. Plaintiff, ELVAN MOORE, was at all relevant times a resident of Seminole County, Florida.

13. Defendant SEMINOLE COUNTY, FLORIDA was at all relevant times a

charter county within the State of Florida and is the employer of Sheriff Donald F. Eslinger as Sheriff of the Seminole County Sheriff's Office and Deputy Kevin Pederson.

14. Defendant SHERIFF DONALD F. ESLINGER, was at all relevant times the Sheriff of the Seminole County Sheriff's Office in Seminole County, Florida.

15. Defendant KEVIN PEDERSON, at all relevant and material times was a deputy with the Seminole County Sheriff's Office in Seminole County, Florida.

16. Defendant KEVIN PEDERSON is being sued in his individual capacity as a law enforcement officer for Seminole County, Florida.

17. Defendant KEVIN PEDERSON is also being sued in his official capacity as a law enforcement officer for Seminole County, Florida.

18. Unless otherwise stated, all acts of the Defendants alleged herein were within the course and scope of their authority and the course of their employment.

## FACTS REGARDING THE UNLAWFUL ARREST

19. On November 15, 2008, Mr. Elvan Moore was arrested and cited for the offenses of: Resisting Officer Without Violence based upon his alleged refusal to give basic or biographical information for deputy to complete a report although no specific names were provided by the anonymous tipster.

20. The arresting Seminole County Sheriff Deputy Kevin Pederson, alleges that he approached an apartment that was pointed out by an anonymous caller for a disturbance call that indicated two individuals were involved in an argument in the parking lot of the complex and that one of the people left in a white vehicle.

21. That as he approached the apartment, he could hear loud music coming from inside the apartment and what appeared to be a man and a woman having an

argument.

22. The deputy alleges that he had to knock several times and eventually banged on the door with his fist before anyone answered the door.

23. That the Plaintiff, Elvan Moore, answered the door wearing a towel and Deputy Pederson alleges he could further see a black woman who was clothed and a white woman who was naked.

24. Deputy Pederson then alleges that he explained that he was conducting an investigation into a disturbance that occurred earlier in the parking lot and asked if the Plaintiff was involved in the disturbance.

25. The Deputy alleges in his report that the Plaintiff stated that he did not know about the disturbance and did not know about the call.

26. The Deputy alleges in his report that he asked the Plaintiff his name and that the Plaintiff refused to comply and in addition, stated that Deputy Pederson would have to call his attorney.

27. That the Deputy alleges he tried to obtain the Plaintiffs name again and explained that he was not asking for any statements but was just conducting an investigation and made that statement two more times.

28. That at that point Deputy Pederson alleges that he had reason to believe that the Plaintiff had been a part of the original disturbance or that he was "possibly guilty" of a noise violation and placed the Plaintiff under arrest and walked him to his patrol vehicle.

29. That the Deputy's report states that after being place in handcuffs, the Plaintiff told him that he knew about the disturbance and that it was his sister, the black female inside the apartment, and her friend, who left the apartment in the white

      vehicle.

30. Deputy Pederson then state's in his report that he spoke with the Plaintiffs sister, Amalija McGuire, and the other female inside the apartment, Donna Delaney. The deputy further states that both women confirmed that Amalija had a disturbance with her friend, outside in the parking lot, and that the friend left the apartment complex in a white car.

31. Deputy Pederson then states that the Plaintiff, Mr. Elvan Moore, was then transported to the Seminole County Jail for booking because of his lies and refusal to give basic information. See Exhibit D.

32. That as the Plaintiff was being arrested, the towel he was wearing fell off leaving him naked. The Plaintiff requested he be allowed to clothe himself, however, Deputy Pederson refused and instead transported the Plaintiff to the Seminole County Jail and booked him while the Plaintiff was still completely naked.

33. The Plaintiff was obviously embarrassed and humiliated by the actions of Deputy Pederson.

**CAUSES OF ACTION**

**FEDERAL CONSTITUTIONAL CLAIMS**

**COUNT I: 42 U.S.C. § 1983**
**INVASION OF PRIVACY IN VIOLATION OF FOURTH**
**AND FOURTEENTH AMENDEMENTS**

All Defendants

34. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

35. Plaintiff has a clearly established constitutional right to be free from an invasion

of privacy under the Fourth and Fourteenth Amendment to the United States Constitution.

36. SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER has a policy, practice and/or custom which Permits, encourages, and praises the unlawful arrest of private citizens without sufficient probable cause and the unlawful invasion of the solitude, seclusion or private affairs and concerns of persons.

37. Defendants, acting under color of law and pursuant to this policy, practice and/or custom, intentionally intruded upon Plaintiffs solitude, seclusion or private affairs and concerns. Defendants' intrusion would be highly offensive to a reasonable person and was unwarranted and unjustified.

38. Defendant through its employees and agents acting in the course and scope of their duties as police officers arrested the Plaintiff without probable cause.

39. As a result of the actions of Defendant through its employees and agents acting in the course and scope of their duties, the Plaintiff has suffered damages, including emotional anguish and suffering, physical pain and suffering, physical discomfort and medical expenses, all which continue to this day and are likely to continue into the future.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants Officer Kevin Pederson, Sheriff Donald F. Eslinger as Sheriff of the Seminole County, Florida Sheriff's Office, and Seminole County, Florida, costs of this action, and such other and further relief as the Court deems appropriate.

## COUNT II:  42 U.S.C. § 1983
## FAILURE TO TRAIN AND/OR SUPERVISE

Defendants Seminole County Florida; Sheriff Donald F. Eslinger as Sheriff of the Seminole County, Florida Sheriff's Office

40. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

41. Defendants SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER failed to adequately train and/or supervise the Defendants' employees in what is required to establish probable cause to arrest and how to arrest without causing embarrassment and humiliation.

42. The need for such supervision and training was plainly obvious or should have been plainly obvious to the SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER policymakers because Deputy Kevin Pederson has violated individuals' Fourth Amendment rights in the past.

43. This failure to supervise and train was an official policy, practice, and procedure of SEMINOLE COUNTY, FLORIDA AND SHERIFF DONALD F. ESLINGER.

44. The failure to supervise and train caused the Defendants to repeatedly violate the Plaintiffs rights under the Fourth Amendment to be free from unreasonable searches and seizures and Plaintiffs' Fifth Amendment right not to be subject to criminal charges based upon false or fabricated evidence.

45. The Defendants were deliberately indifferent to the need for supervision and training notwithstanding the history of Deputy Kevin Pederson.

46. The Defendants knew, or should have known, that their failure to supervise and

train reflected deliberate indifference.

47. The Plaintiff suffered damages as a result of the Defendants' conduct including emotional anguish and suffering, physical pain and suffering, physical discomfort and medical expenses, all which continue to this day and are likely to continue into the future.

48. Plaintiff has performed all conditions precedents to be performed or the conditions have occurred.

WHEREFORE, Plaintiff demands judgment for damages against Defendants, costs of this action, and such other and further relief as the Court deems appropriate.

## STATE LAW CLAIMS

## COUNT III:- FALSE ARREST

Defendant Kevin Pederson in his Individual Capacity

49. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

50. That on or about November 15, 2008, the Defendant, KEVIN PEDERSON, acting in his individual capacity, did cause the Plaintiff, ELVAN MOORE, to be wrongfully arrested.

51. That on said date, the Defendant, KEVIN PEDERSON, acting in his individual capacity, wrongfully and unlawfully, and without any order, warrant or process of any Court authorizing him to do so, did cause the plaintiff, ELVAN MOORE, to be wrongfully and forcibly arrested.

52. That the Defendant, KEVIN PEDERSON, acting in his individual capacity, abused the power of his office, and his conduct with respect to the Plaintiff,

ELVAN MOORE, was committed in bad faith, and with willful disregard of the human rights, safety and property of the Plaintiff.

53. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, ELVAN MOORE, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment, expenses incurred as a result of unlawful detainment, and losses to business reputation.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants, cost of this action, and such other and further relief as the Court deems appropriate.

### COUNT IV: -MALICIOUS PROSECUTION

Defendants Seminole County, Florida; Sheriff Donald F. Eslinger as Sheriff of the Seminole County, Florida Sheriff's Office by and through Deputy Kevin Pederson

54. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

55. That on or about November 15, 2008, the Defendants, KEVIN PEDERSON, acting in their official capacities as officers, employees and servants of the Defendant, DONALD F. ESLINGER, Sheriff of the Seminole County, Florida Sheriff's Office, did, wrongfully and unlawfully, and without any order, warrant or process of any Court authorizing him to do so, did cause the plaintiff, ELVAN MOORE, to be wrongfully and forcibly arrested, imprisoned and restrained of his liberty in the Seminole County Jail.

56. That Deputy Pederson intentionally made false statements in his police report to improperly influence the State to file charges against the Plaintiff, ELVAN MOORE.

57. That these false statements improperly influenced the State to file charges against the Plaintiff, ELVAN MOORE.

58. That the criminal proceeding against the Plaintiff, ELVAN MOORE, was dropped after the State Attorney's Office filed a nolle prosequi on December 12, 2008. This nolle prosequi was a bona fide termination in favor of the Plaintiff.

59. That the Defendants were the legal cause of the criminal proceeding against the Plaintiff because but for the Defendant Deputy Kevin Pederson making these false statements in his report, the State would not have filed charges against the Plaintiff.

60. That there was an absence of probable cause for the initiation of criminal charges against the Plaintiff.

61. That the Defendants acted with malice when they caused the indictment to be returned by falsely, recklessly, and maliciously misrepresenting the facts concerning the arrest and arresting the Plaintiff without probable cause.

62. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, ELVAN MOORE, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pam and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment opportunity, expenses incurred as a result of unlawful detainment,

and losses to business reputation.

WHEREFORE, the Plaintiff demands judgment for damages against Defendants, cost of this action, and such other and further relief as the Court deems appropriate.

### COUNT V: - MALICIOUS PROSECUTION

Defendant Kevin Pederson in his Individual Capacity

63. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

64. That on or about November 15, 2008, the Defendant, KEVIN PEDERSON, acting in his official capacity and by virtue of his office, did, wrongfully and unlawfully, and without any order, warrant or process of any Court authorizing him to do so, did cause the plaintiff, ELVAN MOORE, to be wrongfully and forcibly arrested, imprisoned and restrained of his liberty in the Seminole County Jail.

65. That Deputy Pederson intentionally made false statements in his police report to improperly influence the State to file charges against the Plaintiff, ELVAN MOORE.

66. That these false statements improperly influenced the State to file charges against the Plaintiff, ELVAN MOORE.

67. That the criminal proceeding against the Plaintiff, ELVAN MOORE, was dropped after the State Attorney's Office filed a nolle prosequi on December 12, 2008. This nolle prosequi was a bona fide termination in favor of the Plaintiff.

68. That the Defendant's conduct was the legal cause of the criminal proceeding

against the Plaintiff because but for the Defendant Deputy Kevin Pederson making these false statements in his report, the State would not have filed charges against the Plaintiff.

69. That there was an absence of probable cause for the initiation of criminal charges against the Plaintiff.

70. That the Defendant acted with malice when he caused the indictment to be returned by falsely, recklessly, and maliciously misrepresenting the facts concerning the arrest and arresting the Plaintiff without probable cause.

71. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, ELVAN MOORE, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pam and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment opportunity, expenses incurred as a result of unlawful detainment, and losses to business reputation.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendant Deputy Kevin Pederson, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT VI:
## INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

Deputy Kevin Pederson

72. That each of the foregoing paragraphs 1 through 33 are realleged and reaffirmed and incorporated herein.

73. Defendant's conduct was intentional or reckless in that they intended their

actions when they knew or should have known that his actions would likely cause the Plaintiff severe emotional distress.

74. The Defendant's conduct of arresting and transporting an individual while completely naked, refusing to allow him to clothe himself prior to arrest and booking, making misleading statements and omissions, conducting unlawful seizures and arrests, encouraging such actions was outrageous, beyond all bounds of decency, atrocious and utterly intolerable in a civilized community.

75. The Defendant's conduct caused emotional distress to the Plaintiff.

76. The Plaintiffs emotional distress was severe.

77. Plaintiff has performed all conditions precedents to be performed or the conditions have occurred.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, cost of this action, and such other and further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 6th day of May, 2013.

    /s/ Bradley N. Laurent, Esq.
**BRADLEY N. LAURENT, ESQ.**
Florida Bar Number: 0010530
CARLUS L. HAYNES, ESQ.
Florida Bar Number: 0935611
5401 S. Kirkman Road, Suite 620
Orlando, Florida 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
Email: bradlaurent@fighting4ulaw.com
Attorney for PLAINTIFF

Case 6:13-cv-00224-GAP-G_K   Document 27   Filed 05/06/13   Page 14 of 14 PageID 198