UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELVAN MOORE,**

      **Plaintiff,**

v.                                           Case No:  6:13-cv-224-Orl-31GJK

**SEMINOLE COUNTY, FLORIDA; DONALD**
**F. ESLINGER; and KEVIN PEDERSON,**

      **Defendants.**

      _____/

**ORDER**

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 28) filed by Defendant Seminole County, Florida (the "County"), the Motion to Dismiss (Doc. 30) filed by Defendant Donald F. Eslinger ("Eslinger"), and the responses in opposition (Doc. 32, 33) filed by the Plaintiff, Elvan Moore ("Moore").

**I.    Background**

In his Amended Complaint (Doc. 27), the Plaintiff contends that he was arrested without probable cause by Defendant Kevin Pederson ("Pederson"), a Seminole County Deputy Sheriff, who was responding to a noise complaint at Moore's apartment complex.  Moore was charged with resisting arrest without violence, based on his alleged refusal to provide his biographical information to Pederson.  (Doc. 27 at 3).  The State of Florida dropped the charge less than a month later.  (Doc. 27 at 1).  Moore also contends that he was only wearing a towel at the time he was arrested, that the towel fell off, and that despite asking to be allowed to get dressed, he was transported to jail and booked while naked.  (Doc. 27 at 5).

In the six-count Amended Complaint, Moore asserts the following claims against the County and Eslinger, the Seminole County Sheriff: a Section 1983 claim for unlawful arrest (Count I);[1] a Section 1983 claim for failure to train and/or supervise (Count II); and a claim for malicious prosecution (Count IV). The County and Eslinger seek dismissal of all three counts.[2]

**II.    Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The

---

[1] Count I is actually labeled as a claim for "invasion of privacy in violation of the Fourth and Fourteenth Amendments." (Doc. 27 at 5). So far as the Court can tell, Moore intends to assert a claim for unreasonable seizure, and he does complain in Count I about "unlawful arrest of private citizens without sufficient probable cause." (Doc. 27 at 6). However, he also complains about an invasion of privacy. Specifically, he asserts that the Defendants "intentionally intruded upon [his] solitude, seclusion or private affairs and concerns." (Doc. 27 at 6). Presumably, this is intended to reference Pederson's refusal to allow Moore to clothe himself before being transported for booking.
   It is not clear that one can assert a Section 1983 claim based upon one of the privacy torts (as opposed to, for example an alleged violation of the Constitutional right to privacy as described in *Roe v. Wade*, 410 U.S. 113 (1973)). But in any event, such a claim would have to be set forth in a separate count from a Fourth Amendment wrongful arrest claim. Accordingly, the Court with consider Count I solely as a Fourth Amendment wrongful arrest claim.

[2] Aside from Count II, all six counts of the Amended Complaint are asserted against Pederson, who has not sought dismissal.

Court must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Analysis

The County first argues that it cannot be held liable for the actions of Eslinger and Pederson because Article 8, Section I of the Florida Constitution and a number of Florida statutes establish that sheriffs are independent of the counties they serve and because a number of Florida statutes make the sheriff, rather than the county, responsible for the actions of deputy sheriffs. In response, Moore points to language from Article 8, Section I of the Florida Constitution

describing the sheriff as a "County Officer" (along with the tax collector, property appraiser, and others) and language from the Seminole County Charter that, in Moore's view, suggests that Eslinger is not independent of the County. Neither party makes a particularly compelling argument in regard to what is, it appears, an open question.[3] *See Wilds v. Seminole County,* 2013 WL 1611334, at 1 (M.D.Fla. Orl. April 15, 2013) (Dalton, J.) (stating that issue of Seminole County's potential liability under Section 1983 for activities of Sheriff Eslinger "has not been definitively decided under Florida law"). The few cases cited are not on point, and neither party addresses the most salient cases, such as *McMillian v. Monroe County*, 520 U.S. 781 (1997) (holding that Alabama sheriffs represent their state, rather than their counties, when executing law enforcement duties) and *Grech v. Clayton County*, 335 F.3d 1326 (11th Cir. 2003) (en banc) (holding that Georgia sheriffs represent state, not county, in regard to entry and validation of warrants in database and training and supervision of employees in that regard). On this scant record, the Court is unwilling to hold that, as a matter of law, Florida sheriffs do not represent their counties in regard to law enforcement duties such as conducting arrests. Because the Court is granting dismissal of the claims against the County on other grounds, the point may be moot. However, if the claims resurface, the County will be given an opportunity to raise the argument again.[4]

The County next argues that Pederson's decision to arrest Moore was a discretionary governmental function, and that sovereign immunity precludes liability resulting from that decision. It is true that Florida law immunizes from tort liability a police officer's discretionary

---

[3] Of course, the County cannot be held vicariously liable under 42 U.S.C. § 1983. *Monell v. New York City Dep't of Soc. Svcs,* 436 U.S. 658 (1978).

[4] The foregoing also applies to the County's argument that Sheriff Eslinger is not a policy maker in regard to the County.

determination of whether to arrest an individual for an offense. *See, e.g.*, *Everton v. Willard*, 468 So. 2d 936 (Fla. 1985). But in this case Moore alleges that Pederson lacked probable cause to make an arrest. (Doc. 27 at 2). Accepting this allegation as true, Pederson had no discretion to exercise.

Both the County and Eslinger, who is sued in his official capacity, argue that Moore has failed to properly state a claim against a municipality under 42 U.S.C. § 1983 in Count I because his allegations regarding the policies and customs of the Seminole County Sheriff's Department lack sufficient specificity. (Doc. 28 at 8-9). Moore alleges in the Amended Complaint that the County and Eslinger have "a policy, practice and/or custom which permits, encourages, and praises the unlawful arrest of private citizen without sufficient probable cause." (Doc. 27 at 6). Moore also alleges that this "policy, practice and/or custom" resulted in his arrest and caused him to suffer damages. (Doc. 27 at 6). As the Court noted in dismissing Moore's "Policy, Practice or Procedure" count from his original complaint, such "conclusory allegation[s], alone, [are] not enough to state a claim for municipal liability under Section 1983." (Doc. 26 at 5). Count I will be dismissed as to the County and the Sheriff.

Similarly, in Count II, Moore asserts that the County and the Sheriff "failed to adequately train and/or supervise the Defendants' employees in what is required to establish probable cause to arrest" and that the need for such training and supervision "was plainly obvious or should have been plainly obvious … because Deputy Kevin Pederson has violated individuals' Fourth Amendment rights in the past." (Doc. 27 at 6). No details are provided as to any such violations or any way that the other Defendants might have become aware of them. Again, this sort of formulaic recitation of the elements of a cause of action is not enough to state a claim under


Section 1983 against a municipality. Count II – which was not asserted against Pederson – will be dismissed.

Finally, the Sheriff argues for dismissal of Moore's malicious prosecution claim because malice is an essential element of such a claim and because Fla. Stat. § 768.28(9)(a) shields "[t]he state and its subdivisions" from liability in tort for acts committed "in bad faith or with malicious purpose".[5] Moore's only response is to argue that the count should not be dismissed because Pederson wrongfully arrested him and forwarded the case to the state attorney's office for prosecution. Those points, even if true, are not relevant to the issue of whether Fla. Stat. §768.28(9)(a) immunizes the Sheriff and the County. Accordingly, Count IV will be dismissed with prejudice as to the Sheriff and the County. *See also Johnson v. State Dept. of Health and Rehabilitative Services*, 695 So. 2d 927, 930 (Fla. 2d DCA 1997) (dismissing malicious prosecution claim against City of St. Petersburg and HRS on same grounds).

---

[5] The County also adopts this argument. (Doc. 28 at 11).

### IV.     Conclusion

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motions to Dismiss (Doc. 28, 30) are **GRANTED IN PART AND DENIED IN PART** as set forth above.  Count I is **DISMISSED WITHOUT PREJUDICE** as to the County and the Sheriff, only.  Count II is **DISMISSED WITHOUT PREJUDICE**.  And Count IV is **DISMISSED WITH PREJUDICE** as to the County and the Sheriff, only.

**DONE** and **ORDERED** in Orlando, Florida on July 18, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties