# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELVAN MOORE,**

                **Plaintiff,**

**v.**                                    **Case No:   6:13-cv-224-Orl-31GJK**

**SEMINOLE COUNTY, FLORIDA,**
**DONALD F. ESLINGER and KEVIN**
**PEDERSON,**

                **Defendants.**

---

## REPORT AND RECOMMENDATION

       This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION TO STRIKE (Doc. No. 55)**
>
> **FILED:**      **May 30, 2014**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.    BACKGROUND.[1]

       This cause of action arises from events surrounding Elvan Moore's November 15, 2008 arrest.   Doc. No. 27.   On that day, Seminole County Deputy Sheriff Kevin Pederson responded to a noise complaint at Moore's apartment complex.   *Id*. at ¶ 20.   Deputy Pederson went to the apartment identified by the individual who reported the disturbance, where he made contact with Moore, who answered the door wearing only a towel.   *Id*. at ¶¶ 20-23.   Deputy Pederson explained that he was investigating a noise complaint, and asked Moore to identify himself, but

---

[1] For purposes of resolving this motion, the undersigned will accept as true the allegations in the amended complaint.

Moore refused.  *Id*. at ¶¶ 24-27.  Deputy Pederson subsequently determined that Moore was involved in the disturbance that prompted the noise complaint and placed him under arrest.  *Id*. at ¶ 28.  During his arrest, Moore's towel fell off causing him to be naked.  *Id*. at ¶ 32.  Moore requested that he be allowed to dress before leaving his apartment, but Deputy Pederson refused.  *Id*.  Moore was then transported to the Seminole County Jail and booked while naked.  *Id*.  Moore subsequently was charged with resisting arrest without violence, based on his alleged refusal to provide his biographical information to Deputy Pederson.  *Id*. at ¶ 19.  The State of Florida dropped the charge less than a month after Moore's arrest.  *Id*. at ¶ 9.

As a result of his arrest and treatment thereafter, Moore asserts the following claims against Deputy Pederson: 1) violation of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983 (Count I); 2) false arrest (Count III); 3) malicious prosecution (Count V); and 4) intentional infliction of severe emotional distress (Count VI).  *Id*. at 5-6, 8-9, 11-13.[2]  Discovery commenced on March 4, 2013 (Doc. No. 22 at 3; Fed. R. Civ. P. 26(d)(1)), and concluded on February 3, 2014 (Doc. No. 23 at 1).

On April 29, 2014, Deputy Pederson filed a Motion for Final Summary Judgment.  Doc. No. 42.  In support of his Motion for Final Summary Judgment, Deputy Pederson filed affidavits from Ramona Rumph (Doc. No. 46) and Captain Michael Almodovar (Doc. No. 47).  Rumph avers that she is employed as the director overseeing dispatch communications at the Seminole County Sheriff's Office, and that the document attached to her affidavit is a true and correct copy of the event report ("Event Report") which the dispatcher created contemporaneously with the incident giving rise to this action.  Doc. Nos. 46 at ¶¶ 1-2, 5; 46-1.[3]  Captain Almodovar avers

---

[2] Moore also named Seminole County, Florida and Seminole County Sheriff Donald F. Eslinger as defendants in this case (Doc. No. 27), but the claims against them have been dismissed.  Doc. No. 35.

[3] Rumph's affidavit also contains averments defining certain abbreviations in the Event Report, as well as the time at

that he is employed as the "Captain of the Intake Release Services Division" for the Seminole County Sheriff's Office, and that the documents attached to his affidavit are true and correct copies of Moore's inmate file created as a result of his arrest on November 15, 2008 ("Inmate File"). Doc. Nos. 47 at ¶¶ 1-2; 47-1.

On May 30, 2014, Moore filed a Motion to Strike Rumph's and Captain Almodovar's affidavits, arguing that Deputy Pederson failed to identify Rumph, Captain Almodovar, the Event Report, and the Inmate File prior to the close of discovery.   Doc. No. 55 (citing Fed. R. Civ. P. 26(a)(1)(A)(i-ii); 26(e)(1); 37(c)(1)).   As a result, Moore requests the Court strike Rumph's and Captain Almodovar's affidavits, preclude admission of the Event Report and Inmate File at trial, and preclude Deputy Pederson from relying on Rumph's and Captain Almodovar's testimony at trial.   *Id*. at 8.   On June 12, 2014, Deputy Pederson filed a response in opposition to the Motion. Doc. No. 57.

## II.   **LAW**.

Rule 26(a), Federal Rules of Civil Procedure, requires a party, without awaiting a discovery request, to provide other parties to the action with the following relevant information:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; [and]

> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]

---

which the incident began, according to the Event Report.   Doc. No. 46 at ¶¶ 3-4.

Fed. R. Civ. P. 26(a)(1)(A)(i-ii).   A party has an ongoing duty to supplement disclosures made pursuant to Rule 26(a), Federal Rules of Civil Procedure, in a timely manner if the party learns that in some material respect the disclosures are incomplete or incorrect and if the corrective information has not otherwise been made known to the other party during the discovery process or in writing.   Fed. R. Civ. P. 26(e)(1)(A).

If a party fails to provide information or identify a witness as required by Rule 26(a) or Rule 26(e), Federal Rules of Civil Procedure, then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."   Fed. R. Civ. P. 37(c)(1).   The non-disclosing party bears the burden of establishing that a failure to disclose was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).   In determining whether the failure to disclose was justified or harmless, the Court considers "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information [is] admitted."   *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)).

## III.   ANALYSIS.

### A.  Rumph's Affidavit.

Moore argues that Deputy Pederson failed to comply with the disclosure requirements of Rule 26(a)(1)(A)(i-ii) and Rule 26(e)(1), Federal Rules of Civil Procedure, by not identifying Rumph in his initial or supplemental disclosures and not producing the Event Report prior to the close of discovery.   Doc. No. 55 at 2.   Moore maintains that Deputy Pederson's failure to timely identify Rumph and produce the Event Report is prejudicial since he did not have an opportunity to test the "accuracy and validity" of the Event Report or depose Rumph, and would have "argued

his motion for summary judgment differently." *Id*. at 2, 5-7 (citing *EEOC v. SunTrust Bank*, Case No. 8:12-cv-1325-T-33MAP, 2014 WL 1763200 (M.D. Fla. Apr. 30, 2014)).[4]   Accordingly, Moore requests the Court strike Rumph's affidavit and the Event Report, preclude admission of the Event Report at trial, and preclude Deputy Pederson from relying on Rumph's testimony at trial. *Id*. at 8.

Deputy Pederson maintains that he identified the Event Report in his First Supplemental Rule 26 Disclosures, but acknowledges that he did not identify Rumph in his initial or supplemental disclosures.   Doc. No. 57 at 3-4.   Deputy Pederson argues that his failure to identify Rumph is harmless since her averments are limited to authenticating the Event Report, indicating when the incident began, and defining certain abbreviations contained in the Event Report.   *Id*. at 4.   Deputy Pederson also argues that his failure to identify Rumph is harmless because he testified about what he communicated to dispatch at his deposition.   *Id*. (citing Doc. No. 43 at 30-1).

Rumph was not identified in Deputy Pederson's initial or supplemental disclosures.   Doc. No. 57 at 3.   Deputy Pederson does not offer any explanation as to why Rumph was not identified in his Rule 26 disclosures, nor does he argue that his failure to identify Rumph was substantially justified.   *See* Doc. No. 57.   Therefore, the Court must consider the importance of the information at issue and determine whether Deputy Pederson's failure to identify Rumph is harmless.   Fed. R. Civ. P. 37(c)(1).   The purpose of Rumph's affidavit is simply to authenticate the Event Report and define abbreviations therein.   Doc. No. 46 at ¶¶ 2-3.   Thus, the information provided by Rumph has little importance because it is foundational, and it is not central to the merits of Moore's claims.   *See* Doc. No. 46.   On this record, it appears that any prejudice caused by Deputy

---

[4] Moore does not explain how knowledge of Rumph and the Event Report would have altered his arguments.   *See* Doc. No. 55.

Pederson's failure to timely identify Rumph is negligible.[5]   Accordingly, notwithstanding Deputy Pederson's failure to provide an explanation for failing to disclose Rumph, the undersigned finds that Deputy Pederson's failure to identify Rumph is harmless.

As for the Event Report, the record reveals that it was timely and sufficiently identified. On July 16, 2013, Deputy Pederson identified "All Seminole County Sheriff's Office Event Reports involving Elvan Moore or his residence" in his First Supplemental Rule 26 Disclosures. Doc. No. 57-4.   Although Deputy Pederson did not individually identify the Event Report, Rule 26(a), Federal Rules of Civil Procedure, only requires that he provide a "description by category and location" of the documents that he has in his possession, custody, or control that may support his claims or defenses.   Fed. R. Civ. P. 26(a)(1)(A)(ii); *see Id*. advisory committee's note (1993 amendments) ("[A]n itemized listing of each exhibit is not required[.]").   The foregoing description encompasses the Event Report.   In light of Deputy Pederson's description, he was under no duty to produce the Event Report, pursuant to Rule 26(a), Federal Rules of Civil Procedure.   Instead, where a party, like Deputy Pederson, provides only a description of the documents at issue, "the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests."   Fed. R. Civ. P. 26(a)(1) advisory committee's note (1993 amendments).   Moore, however, did not request production of the Seminole County

---

[5] Moore cites *SunTrust* in support of the proposition that Deputy Pederson's failure to timely identify Rumph was prejudicial.   Doc. No. 55 at 5-7.   In *SunTrust*, the EEOC filed a Title VII sexual harassment action against the defendant on behalf of four (4) former female employees, who also joined the action as plaintiffs.   *SunTrust*, 2014 WL 1763200, at *3.   During the course of the litigation, the defendant failed to timely disclose the declaration of a bank customer who declared that one of the plaintiffs aided him in wrongfully altering a check.   *Id*. at *5-6.   Given the timing of the disclosure, the plaintiff did not have an opportunity to depose the customer, and thus requested the declaration be stricken.   *Id*.   The court granted the request and struck the declaration.   *Id*. at *7.   Moore attempts to analogize this case to the *SunTrust* case, arguing that the prejudice in both cases is the same, i.e., the denial of the opportunity to depose a fact witness.   Doc. No. 55 at 5-7.   In *SunTrust*, the prejudice suffered was obvious because the witness's statements went directly to the former employee's credibility, as well as alleged misconduct regarding an employment relationship at issue.   *SunTrust*, 2014 WL 1763200, at *5-6.   Here, in contrast, Moore has failed to articulate any specific prejudice caused by Rumph's affidavit.

Sheriff's Office event reports, thus leading to his surprise when the Event Report was attached to Rumph's affidavit.   Doc. No. 57 at 5.   In light of the foregoing, the undersigned finds that Deputy Pederson timely and sufficiently complied with Rules 26(a) and (e), Federal Rules of Civil Procedure.   Accordingly, it is **RECOMMENDED** that the Court reject Moore's request to strike Rumph's affidavit and the Event Report, preclude admission of the Event Report at trial, and preclude Deputy Pederson from relying on Rumph's testimony at trial.

### B.  Captain Almodovar's Affidavit.

Moore maintains that Deputy Pederson failed to comply with the disclosure requirements of Rule 26(a)(1)(A)(ii) and Rule 26(e)(1), Federal Rules of Civil Procedure, by not producing the Inmate File prior to the close of discovery.   Doc. No. 55 at 2, 7-8.[6]   Specifically, Moore argues that since Deputy Pederson did not identify the location of the Inmate File, he was required to produce the same.   *Id*. at 7-8.   Moore maintains that Deputy Pederson's failure to timely produce the Inmate File is prejudicial since he did not have an opportunity to test the "accuracy and validity" of the Inmate File, would "likely" have brought a claim against Captain Almodovar alleging a violation of 42 U.S.C. § 1985, and would have "argued his motion for summary judgment differently."   *Id*. at 2, 7.[7]   Accordingly, Moore requests the Court strike Captain Almodovar's affidavit and the Inmate File, preclude admission of the Inmate File at trial, and preclude Deputy Pederson from relying on Captain Almodovar's testimony at trial.   *Id*. at 8.

Deputy Pederson maintains that he timely identified Captain Almodovar and the Inmate File in his Second and Fifth Supplemental Rule 26 Disclosures, and, despite these disclosures, Moore did not seek production of the Inmate File or seek to depose Captain Almodovar.   Doc.

---

[6] Moore does not argue that Deputy Pederson failed to timely identify Captain Almodovar.   *See* Doc. No. 55.

[7] Moore does not explain how knowledge of the Inmate File would have altered his arguments.   *See* Doc. No. 55.

Nos. 57 at 2, 4-6; 57-1; 57-3.   Further, Deputy Pederson, although tacitly conceding that he did not identify the location of the Inmate File, argues that its location was obvious given how he identified it in his supplemental disclosures: "Seminole County Sheriff's Office jail file of Elvan Moore."   Doc. No. 57 at 5.

The record reveals that Deputy Pederson timely identified the Inmate File.   Specifically, on October 15, 2013, Deputy Pederson identified the Inmate File in his Second Supplemental Rule 26 Disclosures ("Second Disclosure") as the "Seminole County Sheriff's Office jail file of Elvan Moore."   Doc. No. 57-3.   Later, on January 3, 2014, a month prior to the discovery deadline, Deputy Pederson served his Fifth Supplemental Rule 26 Disclosures on Moore, wherein he identified Captain Almodovar as a witness having "[k]nowledge of booking procedures and intake and return of property of [Moore]," and provided an itemized list of the documents contained in the Inmate File originally identified in his Second Disclosure.   Doc. No. 57-1.

While Deputy Pederson did not identify the Inmate File's physical location, his description thereof made its location obvious, i.e., the Seminole County Sheriff's Office.   *See* Doc. Nos. 57-1; 57-3.   Moreover, if Moore had any doubt as to the Inmate File's location, he had ample time to inquire about its location prior to the close of discovery.   In any event, Deputy Pederson's identification of the Inmate File was sufficient, as it provided Moore with enough information to make an informed decision about whether such information was needed and where it could be found.   *See* Fed. R. Civ. P. 26(a)(1) advisory committee's note (1993 amendments) (a party's description of documents in its disclosures is generally sufficient if it allows the opposing party to make an informed decision as to whether it needs to examine the documents and will allow the party to frame its document request in a manner "likely to avoid squabbles resulting from the wording of the requests.").   Given the sufficiency of Deputy Pederson's identification of the

Inmate File, Deputy Pederson was not obligated to produce the Inmate File absent a request for the same.   Fed. R. Civ. P. 26(a)(1) advisory committee's note (1993 amendments).   As with the Event Report, Moore did not request production of the Inmate File, thus leading to his surprise when the Inmate File was attached to Captain Almodovar's affidavit.   In light of the foregoing, the undersigned finds that Deputy Pederson timely and sufficiently identified the Inmate File, in accordance with Rules 26(a) and (e), Federal Rules of Civil Procedure.   Accordingly, it is **RECOMMENDED** that the Court reject Moore's request to strike Captain Almodovar's affidavit and the Inmate File, preclude admission of the Inmate File at trial, and preclude Deputy Pederson from relying on Captain Almodovar's testimony at trial.

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 55) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 5, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy